UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH YOUNG, individually and on behalf of others similarly situated** | **CIVIL ACTION** |
| **VERSUS** | **NO:   17-4749** |
| **XG SECURITY SERVICES, LLC** | **SECTION: "A" (4)** |

## ORDER

Before the Court is **Plaintiff's Motion for Leave to File First Amended Complaint (R. Doc. 18)**.  The motion was submitted on September 27, 2017.  For the following reasons, the motion is **GRANTED**.

## I.   Background

This collective action was filed by Plaintiff Joseph Young ("Young"), individually and on behalf of all others similarly situated ("Co-Plaintiffs"), under the Fair Labor Standards Act ("FLSA").  Young also filed a breach of contract and FLSA retaliation claim on his own behalf.  Young sued his ex-employer, XG Security Services, LLC ("XG"), where the others worked as field technicians, often travelling significant distances to work sites to perform work on assigned jobs. R. Doc. 1.  The Plaintiffs allege that they were required to work an excess of forty (40) hours per week; however, they were not paid for the overtime work or for travel time to work. *Id.* at p. 4.  Young also seeks reimbursement for mileage where he used his personal vehicle.  The owner of XG, Bernard Yoscovits ("Yoscovits"), acknowledged that XG owed Young compensation for unreimbursed mileage.  On March 20, 2017, Young was terminated on the pretext that he had excessive tardiness and was slow in completing his work. *Id.* at p. 7.

At this time, Young seeks to file his First Amended Complaint to add Yoscovits as a Defendant and to include area technicians as a job similar to field technicians. R. Doc. 18.  Young

asserts that his Counsel has interviewed opt-in Plaintiffs, and has now gathered sufficient information regarding XG's ownership and daily operations to add XG's owner, Yoscovits. *Id.* at p. 2.  In addition, Young asserts that his Counsel's interviews revealed that area technicians are similarly situated to field technicians, arguing that at least one potential opt-in Plaintiff worked in that position and has alleged facts similar to those asserted in the original complaint.  As such, Young seeks to expand the scope of the putative claimants to include area technicians. *Id.*  Young argues that he is not dilatory in bringing his motion, nor has he acted in bad faith.  Further, Young contends that no prejudice will result in granting his motion.

While no written opposition was filed, Young contacted XG in an attempt to obtain consent. R. Doc. 18-2.  Counsel for XG did not respond. *Id.*

## II. Standard of Review

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial.  Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.*  In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)).  When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive

on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

### III.   Analysis

Young seeks to add Yoscovits as a Defendant and include area technicians as a job similar to field technicians. R. Doc. 18. Young contends that he was not dilatory in bringing his motion, nor did he act in bad faith. Further, Young contends that there is no identifiable prejudice in granting his motion because he is within the deadline to amend and add parties, and the case is in the early stages of discovery. Young sought consent from XG to file the instant motion; however, XG has not responded.

While Young's motion for leave to file his first amended complaint is timely, leave to amend is "not automatic." *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013). As such, the Court will not grant Plaintiff's motion merely because the amendment is timely. "It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citation omitted). In determining the futility of a proposed amendment, the Court must determine whether the plaintiff has pled "enough facts to state a claim of relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal quotations omitted) *In Re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)) (footnote omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where

3

viability of a claim is at least facially possible, futility does not provide grounds for denying an amendment. *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 353–54 n.6 (5th Cir. 2011).

The Court shall consider each of Young's proposed amendments below.

### A.     Addition of Area Technicians as a Job Similar to Field Technicians

Young argues that his request to amend his complaint to add another job title—area technician—should be granted because at least one potential opt-in Plaintiff worked in that position and has alleged facts similar to those asserted in the original complaint. R. Doc. 18-1, p. 4.  Young contends that, rather than filing an identical case on behalf of area technicians, there will be convenience for the existing Parties by including them in the instant collective action. *Id.*

The deadline to amend pleadings, according to the Court's Scheduling Order, was September 11, 2017. R. Doc. 15.  Young filed his motion for leave on the Scheduling Order deadline, September 11, 2017.

Further, the Court notes that there is no evidence of "undue delay, bad faith, or dilatory motive on the part of the Plaintiff." *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).  Young's amendment comes less than five months after filing his original complaint.  Moreover, there is no evidence that the amendment is futile because at least one opt-in plaintiff worked as an area-technician and has already alleged facts similar to those asserted in the complaint. *Id.*  Considering the foregoing, the Court grants Young's motion to amend to include area technicians as a job similar to field technicians.

### B.     Bernard Yoscovits

Young further argues that Yoscovits should be added as a Defendant in this matter because Yoscovits qualifies as an "employer" under FLSA.  Pursuant to FLSA, an "[e]mployer includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. 203(d).

4

The Fifth Circuit uses the "economic reality" test to evaluate whether there is an employee/employer relationship. *Akins v. Worley Catastrophe Response, LLC*, 921 F. Supp. 2d 593, 603-04 (E.D. La. 2013). The test originates in the Supreme Court's holding that "economic reality" should govern the determination of employer status under the FLSA. *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961).

To determine whether an individual or entity is an employer, the court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (quoting *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010)). In cases where there may be more than one employer, the court "must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test." *Id.* (quoting *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990).

In the proposed complaint, Young makes sufficient allegations that Yoscovits was also an employer. Young alleges that Yoscovits (1) had the power to hire and fire the Collective Plaintiffs, (2) supervised and controlled employee work schedules, (3) determined the rate and method of payment, or (4) maintained employment records. *See* R. Doc. 18-3, p. 5.

Young relies on this Court's decision in *Akins v. Worley Catastrophe Response, LLC*, 921 F. Supp. 2d 593 (E.D. La. 2013), to support his contention that Yoscovits satisfies the economic realities test. In *Akins*, the plaintiff's amended complaint set forth the following allegations:

> [Mr. Worley] leased the facilities where [the companies'] employees worked. Mr. Worley was the only person with authority to set and make changes to the compensation system . . . . In February 2011, Allen Carpenter and Charlie Bilbe, who reported directly to Mr. Worley, changed plaintiffs' wages from $450 to $425 per day only because they had Mr. Worley's approval to do so. Finally, plaintiffs

5

>allege that Mr. Worley is the ultimate decision maker with respect to pay rates for classes of employees. . . .

*Id.* at 604. The Court found that plaintiffs' amended complaint, although conclusory in some respects, raised a plausible claim that Mr. Worley was plaintiffs' employer as defined by the economic realities test. *Id.* Like *Akins*, although conclusory, the claim that Yoscovits is an employer is plausible as defined by the economic realities test.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion for Leave to File First Amended Complaint (R. Doc. 18)** is **GRANTED.**

New Orleans, Louisiana, this 9th day of November 2017.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**